

**ORDERED in the Southern District of Florida on December 8, 2025.**

**Scott M. Grossman, Chief Judge
United States Bankruptcy Court**

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

In re:

ANDREW JOSHUA APPEL,    Case No. 25-13360-SMG

    Debtor.    Chapter 7

_____/

**ORDER OVERRULING AMENDED
OBJECTION TO CLAIMS OF BANK OF AMERICA, N.A.**

An objection to a proof of claim filed by an insured depository institution must be served on the claim holder <u>both</u> at the address designated to receive notice on the proof of claim <u>and</u> under Federal Rule of Bankruptcy Procedure 7004(h). The certificate of service attached to the trustee's *Amended Objection to Claims No. 1 & 2*[1] fails to show that the objection was served on the claimant – Bank of America, N.A.

---

[1] Dkt. No. 56.

– at either address. The amended objection will therefore be overruled without prejudice.[2]

Under Federal Rule of Bankruptcy Procedure 3007(a)(2)(A), an objection to claim must be served by mail on the person the claimant designated on its most recent proof of claim, at the address listed therein.[3] There are additional service requirements, however, when the claim is held by (i) the United States or one of its officers or agencies, or (ii) an insured depository institution as defined in section 3 of the Federal Deposit Insurance Act. Where an objection is to a claim of an insured depository institution – as is the case here – service must also comply with Federal Rule of Bankruptcy Procedure 7004(h).

Rule 7004(h) generally requires service by certified mail addressed to an officer of the institution, unless one of three exceptions applies: (1) the institution has appeared by its attorney, in which case the attorney must be served by first class mail; (2) the court orders otherwise after applicable service upon the institution; or (3) the institution has waived in writing its entitlement to such service. Of course insured depository institutions do appear through an attorney in many bankruptcy cases. In those cases, then, service on the attorney by first-class mail satisfies Rule 7004(h), and service on an officer of the institution is not required.

---

[2] The trustee had previously objected to these claims, but the Court overruled that objection without prejudice for improper service as well. Dkt. Nos. 41, 53.

[3] Fed. R. Bankr. P. 3007(a)(2)(A) ("The notice—substantially conforming to Form 420B—and objection must be served by mail on the person the claim holder most recently designated to receive notices on the claim holder's original or latest amended proof of claim, at the address so indicated.").

2

Under Local Rule 9076-1(A), however, registered CM/ECF users waive the right to receive notices and service by mail or personal delivery and agree to receive all notices and service electronically via the Notice of Electronic Filing. In this case, Bank of America has appeared through its attorney.[4] Thus, the trustee's electronic filing of the objection to claim, which was served by CM/ECF on the bank's attorney, satisfied Rule 3007(a)(2)(A)(ii)'s requirement to serve the insured depository institution under Rule 7004(h). But the trustee still had to satisfy Rule 3007(a)(2)(A)'s primary requirement to serve the claim holder "by mail on the person the claim holder most recently designated to receive notices on the claim holder's original or latest amended proof of claim, at the address so indicated."[5] In this case, that person is Bank of America, N.A. at PO BOX 31785, Tampa, FL 33631-3785.[6]

In his original objection to these claims, the trustee had certified that he served several parties electronically. But his certificate of service failed to indicate any service on the bank. The objection to claim did list an address for the bank, but only under the "Name of Claimant" column of the objection. Noting the address of the claimant in the body of the objection, however, does not suffice to certify that the objection was actually served on the claimant at that address. Accordingly, because

---

[4] Dkt. No. 11.
[5] Fed. R. Bankr. P. 3007(a)(2)(A). Local Rule 9076-1(A) only relieves the trustee from Rule 7004(h)'s service requirements here, because Rule 7004(h) permits service on an attorney for a bank. When objecting to a proof of claim, however, Rule 3007(a)(2)(A)'s primary requirement to serve the claim holder at the address designated on its proof of claim still applies. Serving a bank's attorney – whether by mail or electronically – when that attorney is not also the person designated to receive notices on the proof of claim does not satisfy Rule 3007(a)(2)(A).
[6] Claim Nos. 1-1, 2-1.

the original objection failed to demonstrate proper service on Bank of America, the Court overruled the objection by text order.[7]

Two days after the Court overruled the objection, the trustee then filed a certificate of service[8] certifying that on October 4, 2025 – the day *after* the Court had overruled the objection – he served the objection via first class mail on the proof of claim address.[9] Certifying that he served an objection after it had already been overruled, however – without also seeking relief from the order overruling the objection – served no purpose.[10]

Then on November 17, 2025, the trustee filed an amended objection to claim.[11] The certificate of service of this amended objection, however, once again fails to show proper service on Bank of America. Instead, it states only that the objection was served electronically on the Office of the United States Trustee. The body of the amended objection under the "Name of Claimant" column, however, now lists five addresses for Bank of America, including the address listed on the proof of claim, as well as addresses for the bank's headquarters, its registered agent, and one to the attention of an assistant vice president of the bank.

---

[7] Dkt. No. 53.
[8] Dkt. No. 54.
[9] The trustee then filed an additional certificate of service indicating that Scott Lewis, Esq., counsel for the bank, was served by U.S. mail on October 6, 2025. Dkt. No. 55.
[10] In addition, under Rule 3007(a)(1), an objection to claim must provide the claimant at least 30 days to respond. If the now-overruled objection had been served on October 4, 2025, the new deadline to respond would have been November 3, 2025, and the trustee would not have been permitted to submit to the Court a proposed order sustaining the objection until after that date. *See* Local Rule 3007-1(D)(1) ("If no written response contesting the objection is filed within 30 days after the date of service, the failure to respond shall be deemed a consent by the affected claimant and the court may grant the relief requested by the objecting party without hearing.").
[11] Dkt. No. 56.

As with the original objection, however, the amended objection still fails to certify that it was served on the claimant, when it was served on the claimant, and how it was served on the claimant. The certificate of service states only that the United States trustee was served electronically on November 16, 2025. Although the body of the amended objection now lists several proper addresses for the bank, the amended objection still fails – in the certificate of service – to certify that it was served on the bank at all, let alone when, how, and at what addresses.

Accordingly, it is **ORDERED** that the trustee's amended objection to claim numbers one and two of Bank of America, N.A.[12] is **OVERRULED without prejudice**.

### # # #

*Copy furnished to trustee Kenneth A. Welt who must serve a copy of this Order on all interested parties and file a certificate of service thereof.*

---

[12] *Id.*